UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD CIARLO,<br><br>    Defendant. | CASE NO. CR16-5049 BHS<br><br>ORDER |

This matter is before the Court on Defendant Richard Ciarlo's motion to reduce his sentence. Dkt. 47. Because Ciarlo does not establish extraordinary and compelling circumstances warranting release, his motion is denied.

**I.   BACKGROUND**

In May 2016, the Court sentenced Ciarlo to 132 months of imprisonment after he pleaded guilty to Possession of Controlled Substances with Intent to Distribute and Possession of Stolen Firearms. Dkts. 39, 21. The Court recommended participation in the Bureau of Prisons' Residential Drug Abuse Program (RDAP). Dkt. 39. Ciarlo is presently incarcerated in Colorado at Federal Correctional Institution, Florence (FCI Florence), with a projected release date of November 25, 2025.

ORDER - 1

In March 2024, Ciarlo filed for a sentence reduction. Dkt. 47. He argues that the Bureau of Prison's (BOP) failure to admit him to its Medication-Assisted Treatment (MAT) program for his opioid use disorder, inadequate health care, and fear of contracting COVID-19 warrant relief. The Government opposes a sentence reduction. Dkt. 48. It argues that Ciarlo fails to meet the specifications to establish extraordinary and compelling circumstances as defined by the amended Sentencing Commission's policy statement.

The Court begins by setting forth the standard of review before turning to the merits of Ciarlo's motion.

## II.  DISCUSSION

**A.   Standard for Sentence Reduction**

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(b)).

18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

ORDER - 2

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction;
. . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

(Emphasis added).

Accordingly, the Court may reduce the defendant's sentence upon his motion provided that: (1) he has either exhausted his administrative appeal rights of BOP's failure to bring such a motion on his behalf or has waited until 30 days after his warden has received such a request; (2) he has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

With the passage of the updated Sentencing Guidelines in November 2023, the policy statement in USSG § 1B1.13 is now applicable to defendant-initiated motions for compassionate release. USSG § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A). . . .") (Emphasis added). The current policy statement provides six categories of "extraordinary and compelling" reasons: (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons that are "similar in gravity" to the prior four categories, and (6) unusually long sentence. In addition, the defendant must show that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG 1.1B1.13(a)(2).

**B.      Ciarlo does not establish extraordinary and compelling circumstances as defined by the new policy statement.**

Ciarlo satisfied the exhaustion requirement when his January 2024 email to the warden of FCI Florence requesting compassionate release went unanswered after 30 days. Dkt. 47 at 22. Accordingly, the Court addresses the merits.

Ciarlo argues that a combination of unmet medical needs and experiences in prison establish "extraordinary and compelling reasons" that justify a sentence reduction. Dkt. 47 at 5; Dkt. 53. He primarily focuses on BOP's failure to allow him to join the Medication-Assisted Treatment (MAT) program for his opioid use disorder. He details four years of repeated but unsuccessful efforts to join the program, including when BOP declared he "declined" to join when he in fact was in a cell lockdown and thus unable to make his initial appointment. *Id*. at 6. Ciarlo asserts he self-medicated for both his opioid addiction and severe chronic back pain with Suboxone that he acquired without a prescription within prison because he could not enroll in the MAT program. *Id*. at 7. This led to his failing uranalysis tests, which both parties acknowledge will likely lead to being kicked out of the Residential Drug Abuse Program (RDAP). Dkt. 47 at 8; Dkt. 48 at 5.

Ciarlo also argues that the conditions he suffered during COVID lockdowns, including contracting the virus twice, should be considered as part of his extraordinary and compelling reasons justifying relief. Dkt. 47 at 13. He additionally urges the Court to consider that he is 60 years old and has served nine out of 11 years of his sentence. *Id*. at 16.

1       The Government responds that Ciarlo fails to establish extraordinary and
2 compelling circumstances as defined by the updated policy statement. Dkt. 48 at 5. It
3 argues that his denial from the MAT program "does not fit within any of the provisions of
4 the amended policy statement." *Id*. Even if it did, the Government asserts such an
5 argument is not timely because "Ciarlo acknowledges that FCI Florence's policy limits
6 participation in the MAT program to inmates who are within 90 days of release" and he is
7 not set for release until November 2025. *Id*.

8       The Government also contends that Ciarlo's motion fails to satisfy the subsection
9 of the policy statement authorizing a reduction in circumstances based on medical
10 circumstances. It asserts that he is not suffering from a terminal illness, or a debilitating
11 illness that "substantially diminishes the ability of the defendant to provide self-care
12 within the environment of a correctional facility," or a medical condition for which care
13 is not being provided and that puts him "at risk of serious deterioration in health or
14 death." *Id*. at 6 (quoting USSG § 1B1.13(b)(1)(A)-(C)). The Government claims that he
15 has received adequate medical care in prison, including pain medication for his back
16 pain, treatment for Hepatitis C, and the option to take a COVID booster shot. *Id*. at 7. It
17 argues that the fact Ciarlo refused a COVID booster shot undermines his argument that
18 prison places him at too great a risk for reinfection. *Id*. at 7.

19       The Government is correct that none of Ciarlo's individual arguments
20 independently establish extraordinary and compelling circumstances as defined by the
21 updated policy statement. None of the medical ailments that Ciarlo suffers qualify under
22 the medical circumstances category in § 1B1.13(b)(1). But Ciarlo does not try to qualify

ORDER - 5

under the medical circumstances category, nor does he assert that the MAT denial alone is sufficient for relief. He instead argues that all his circumstances fall under the "catch all" provision of the former policy statement. Dkt. 47 at 5. Ciarlo filed pro se. He incorrectly cited to the former policy statement and the overturned portion of the Ninth Circuit decision in *United States v. Aruda*, 993 f.3d 797 (9th Cir. 2021), which instructed courts that there was not a policy statement applicable to defendant-filed compassionate release motions and cautioned that the former policy statement was not binding on the court's analysis. Dkt. 47 at 5. *Aruda* is no longer good law. As explained, the November 2023 amendments to the policy statement render it binding on defendant filed motions. *See United States* v. *Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does."). Although pro se litigants are bound by the same law and rules of procedure as represented parties, courts give them grace in construing their pleadings liberally so long as doing so does not result in treating other parties unfairly. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"); *but cf. Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

        Given the relatively recent changes in applicable law and fact that Ciarlo filed pro se, the Court construes his incorrect citation to the former policy statement's "catch all" provision as an argument under the new "catch all" provision of the amended policy

statement. This provision enables the defendant to establish extraordinary and compelling circumstances if he provides "other reasons that are 'similar in gravity' to the prior four categories" in the policy statement. USSG § 1B1.13(5). Although this category is flexible, it is not an opportunity for defendants to evade the strictures of the defined categories for relief. Where, as here, a defendant argues that he is not receiving sufficient medical care, the Court is still bound by the requirements of the medical circumstances category in the policy statement. None of Ciarlo's medical ailments qualify under the medical care provision, and he failed in his burden to show that BOP cannot provide adequate treatment for the conditions he suffers.

Ciarlo also does not establish that BOP's refusal to admit him to a MAT program is "similar in gravity" to the harms specified in the new policy statement USSG § 1B1.13(b)(1)–(4). The Court is troubled both by Ciarlo's ability to get Suboxone without a prescription within prison and the consequences that poses for his success in RDAP. But the Court lacks authority to manage admittance into the MAT program or his progress in RDAP. Ciarlo concedes that the policy at FCI Florence is to restrict the MAT program to those 90-days from their release date, and he is not set for release until November 2025. Dkt. 47 at 7. The Court renews its recommendation that Ciarlo seek treatment for his well-documented opioid addiction in the RDAP program and entrusts BOP to determine whether he can continue given his unique circumstances and its failure to either prescribe him Suboxone or keep him from obtaining it without a prescription within its prisons.

Even if the Court were to consider all of Ciarlo's circumstances in the aggregate, he fails to establish that they are "similar in gravity" to the harms pre-ordained extraordinary and compelling in 1B1.13(b)(1) through (4). BOP is capable of treating his medical ailments and addiction, and his refusal to vaccinate against COVID undermines his argument that the risk he faces for reinfection justifies relief. Although the Court is sympathetic to the inefficiencies and inconsistencies he has experienced in medical care and in attempting to enter the MAT program, he has not established that his circumstances are extraordinary and compelling as defined by the policy statement.[1]

Because Ciarlo does not establish extraordinary and compelling reasons warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court does not consider the § 3553(a) factors nor 18 U.S.C. § 3142(g).

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ciarlo's motion for sentence reduction, Dkt. 47, is **DENIED**.

Dated this 30th day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Court takes no position in this order with respect to any future constitutional or statutory challenges Ciarlo could bring based on his experiences while incarcerated. This includes but is not limited to a 42 U.S.C. § 1983 action based on his Eighth Amendment right to be free from cruel and unusual punishment under the "deliberate indifference" standard.

ORDER - 8